Mario Tafur, Esq. (SBN: 329899)
mario@thebulldog.law
**BULLDOG LAW, P.C.**
500 N. Central Avenue, Ste. 610
Glendale, CA 91203
Telephone: (949) 649-3007
*Attorneys for Plaintiffs Joel Heabeart, Joel Miller, Dylan Michaud, Kyle Kelley, Justin Moran, Maria Cecilia Lucanera, Noel Yount, Israel Alatriz, Aaron Duncan, Dylan Myburgh, James Michael Smith, and Edward C. Toal*

Randall S. Luskey (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
*Attorneys for Defendants Coinbase, Inc., Coinbase Global, Inc. and Brian Armstrong*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL HEABEART, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COINBASE, INC., *et al.*,<br><br>*Defendants*. | Case No.: 3:25-cv-04473-JD<br><br>**NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2)**<br><br>Judge James Donato |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 16, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable James Donato, United States District Court for the Northern District of California, located at the San Francisco Courthouse, Courtroom 11, 19th Floor 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Dylan

Myburgh will, and hereby does, move this Court for an order voluntarily dismissing his claims against all defendants in this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Mario Tafur in support thereof, the pleadings and papers on file in this action, and any oral argument or evidence presented at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Dylan Myburgh, a resident of New Zealand and one of the named plaintiffs in this multi-plaintiff action, respectfully moves for voluntary dismissal of his individual claims against Defendants Coinbase, Inc., Coinbase Global, Inc., Brian Armstrong, and Does 1–100 (collectively, "Defendants") without prejudice pursuant to FRCP 41(a)(2). Mr. Myburgh's claims arise from transactions conducted through Coinbase Singapore Pte. Ltd., a separate entity governed by Singapore law and subject to the non-exclusive jurisdiction of Singapore courts under the applicable User Agreement. As such, Mr. Myburgh intends to pursue his claims in a more appropriate foreign jurisdiction, rendering his continued participation in this U.S.-based action unnecessary and inefficient. This motion seeks to dismiss only Mr. Myburgh's claims, leaving the claims of the remaining U.S.-based plaintiffs intact, and will not prejudice Defendants or the judicial process.

### II. FACTUAL BACKGROUND

1. This action, filed on July 22, 2025, as reflected in the First Amended Complaint (Doc. 16, "FAC"), involves multiple plaintiffs alleging misconduct by Defendants related to the

handling of Wrapped LUNA ("WLUNA") tokens following the Terra blockchain collapse in May 2022. (FAC ¶¶ 1–5.)

2. Mr. Myburgh, a freelance graphic designer and cryptocurrency enthusiast residing in New Zealand, invested in WLUNA in early May 2022 through Coinbase's platform, relying on its global reputation and promotional materials. (FAC ¶ 17.) His transactions were processed through Coinbase Singapore Pte. Ltd., subject to the Coinbase Singapore User Agreement, which designates Singapore law as governing and Singapore courts as the non-exclusive forum for disputes. (See Declaration of Mario Tafur, Ex. A [User Agreement Excerpt].)

3. Mr. Myburgh alleges significant financial losses due to Defendants' suspension of WLUNA trading and conversion to WLUNC, which devalued his holdings to near zero. (FAC ¶ 17.) His attempts to access transaction history or obtain support were unsuccessful, leading to emotional distress. (Id.)

4. The remaining plaintiffs, residing in various U.S. states (e.g., California, Florida, Michigan), assert similar claims based on U.S.-based transactions and reliance on Defendants' U.S. operations. (FAC ¶¶ 6–16.)

5. Mr. Myburgh now seeks to dismiss his claims from this action to pursue them in Singapore, where his contractual relationship with Coinbase Singapore is governed, avoiding undue burden on this Court and the parties.

### III. LEGAL STANDARD

Under FRCP 41(a)(2), a plaintiff may request voluntary dismissal by court order "on terms that the court considers proper." Dismissal is without prejudice unless the court orders otherwise, and the decision lies within the court's sound discretion. Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). The key considerations are: (1) whether the dismissal will prejudice the defendants; (2) the stage of the litigation; and (3) any evidence of bad

faith or dilatory motive. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). In multi-plaintiff cases, courts routinely allow partial dismissals of individual claims without affecting the action as a whole. Pedrina v. Chun, 987 F.2d 608, 609–10 (9th Cir. 1993).

## IV. ARGUMENT

**A. Dismissal of Mr. Myburgh's Claims Is Appropriate and Will Not Prejudice Defendants**

The dismissal of Mr. Myburgh's claims will not prejudice Defendants. His claims, arising from transactions with Coinbase Singapore, involve distinct factual and legal issues governed by Singapore law, separate from the U.S.-focused allegations of the remaining plaintiffs. (FAC ¶ 17; Tafur Decl. ¶ 3.) Defendants face no loss of evidence or defense rights, as Mr. Myburgh intends to refile in Singapore, where the User Agreement's forum selection clause applies. (Tafur Decl. Ex. A.) Courts in this district have granted similar dismissals to enforce international forum clauses, minimizing prejudice. See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004).

The remaining plaintiffs' claims, centered on U.S. transactions, will proceed unaffected, preserving Defendants' ability to litigate those issues. No discovery specific to Mr. Myburgh has been conducted, and the case remains in its early stages (filed less than two months ago), further reducing any burden on Defendants.

**B. The Early Stage of Litigation Supports Dismissal**

This action is in its preliminary phase. No answer has been filed as of September 22, 2025, and no significant motion practice or discovery has occurred. (Tafur Decl. ¶ 4.) Voluntary dismissal at this juncture aligns with judicial efficiency, avoiding the need to address foreign jurisdictional issues in a predominantly U.S.-based multi-plaintiff suit. Courts favor dismissal when it streamlines proceedings without undue delay. Westlands Water Dist., 100 F.3d at 97.

### C. There Is No Evidence of Bad Faith or Dilatory Motive

Mr. Myburgh's motion is motivated by a legitimate intent to pursue his claims in Singapore, the contractually designated forum, rather than any bad faith or delay tactic. (Tafur Decl. ¶ 5.) This decision reflects the unique international nature of his claims, consistent with the User Agreement, and does not undermine the action's progress.

### D. Proposed Terms

Mr. Myburgh requests dismissal without prejudice to allow refiling in Singapore, with no costs or fees imposed on any party. This term is just, given the lack of prejudice and the early stage of litigation.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Dylan Myburgh respectfully requests that this Court grant his motion for voluntary dismissal of his claims against Defendants without prejudice pursuant to FRCP 41(a)(2), on the terms proposed herein. This dismissal will not affect the claims of the remaining plaintiffs and will promote judicial efficiency by aligning Mr. Myburgh's claims with the appropriate foreign jurisdiction.

# DECLARATION OF MARIO TAFUR

I, Mario Tafur, Esq., declared as follows:

1. I am an attorney at Bulldog Law, P.C., counsel for Plaintiffs, including Dylan Myburgh, in the above-captioned matter. I have personal knowledge of the facts herein and, if called as a witness, could testify competently thereto.

2. The First Amended Complaint was filed on July 22, 2025. (Doc. 16.) As of September 22, 2025, no answer or motion for summary judgment has been served by Defendants, to my knowledge. (See docket review, Tafur Decl. ¶ 4.)

3. Mr. Myburgh's transactions with Coinbase were conducted through Coinbase Singapore Pte. Ltd. A copy of the relevant User Agreement excerpt, designating Singapore law and courts, is attached as Exhibit A.

4. No significant discovery or motion practice has occurred in this action as of today.

5. Mr. Myburgh seeks dismissal to pursue his claims in Singapore, where his contractual relationship is governed, and this motion is made in good faith.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 22, 2025, at Glendale, California.

*/s/ Mario Tafur*
Mario Tafur, Esq

## PROOF OF SERVICE

I, Jennifer Munguia, am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to this action. My business address is 500 N. Central Ave., Ste. 610 Glendale, CA 91203.

ON SEPTEMBER 22, 2025, I SERVED THE WITHIN DOCUMENT DESCRIBED AS: MOTION TO DISMISS

| | |
|---|---|
| __x__ **BY FIRST CLASS MAIL**<br>____ by placing a true copy thereof enclosed in a sealed envelope for deposit with the United States Postal Service, with postage thereon fully prepaid, addressed as follows: | ____ **BY PERSONAL SERVICE**<br><br>____ I delivered a true copy of the aforesaid document by hand to the addressee(s) or the addressee's office.<br><br>____ I caused a true copy of the aforesaid document to be delivered by hand to the offices of the addressee(s) |
| __X__ **VIA ELECTRONIC MAIL TO:**<br><br>**Randall Scott Luskey**<br>rluskey@paulweiss.com | ____ **VIA FACSIMILE**<br><br>___ I caused a true copy of the aforesaid document to be transmitted to the recipient at the facsimile machine number last given by that person on a document which that person has filed in the cause and served on the person making this service. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on a September 22, 2025, at Glendale, California.

Signature:__Jennifer Munguia_____