1  Randall Scott Luskey (SBN: 240915)
   rluskey@paulweiss.com
2
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
3  535 Mission Street. 24th Floor
   San Francisco, CA 94105
4  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101
5
   *Additional Counsel Listed on Following Page*
6
   *Attorneys for Defendants*
7  *Coinbase, Inc., Coinbase Global, Inc. and Brian Armstrong*

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN FRANCISCO DIVISION**

11 | JOEL HEABEART, *et al.*, | Case No.: 3:25-cv-04473-JD |
|---|---|
| *Plaintiffs*, | Private Securities Litigation Reform Act |
| v. | **DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND FOR JUDICIAL NOTICE** |
| COINBASE, INC., *et al.*, | |
| *Defendants*. | Date: October 30, 2025<br>Time: 10:00 AM<br>Judge: Hon. James Donato |

Paul D. Brachman (admitted *pro hac vice*)
pbrachman@paulweiss.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7440
Facsimile: (202) 379-4098

Kristina A. Bunting (admitted *pro hac vice*)
Michael J. Pisem (admitted *pro hac vice*)
kbunting@paulweiss.com
mpisem@paulweiss.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

## I. INTRODUCTION

Defendants[1] respectfully request judicial notice of four documents pursuant to the incorporation by reference doctrine and/or Federal Rule of Evidence 201. Defendants request that the Court consider these materials in connection with its concurrently filed (1) Motion to Dismiss, (2) Motion to Compel Arbitration and Stay Proceedings, and (3) Motion to Transfer Venue.

Defendants request that the Court notice certain contracts and webpages attached to the Declarations of Aleksandar Totkov (the "Totkov Decl.") and Randall S. Luskey (the "Luskey Decl."). Specifically, Defendants request judicial notice of the following documents:

1. **Exhibit 14 to the Totkov Declaration:** Coinbase, Inc.'s User Agreement, as updated in January 2022 (the "2022 User Agreement"), which governed (all but one) Plaintiffs' relationship with Coinbase, Inc. on May 27, 2022, the date when Plaintiffs allege Coinbase, Inc. suspended WLUNA trading. *See* Amended Complaint (Dkt. 16) (the "AC") ¶ 22; *see also id.* at ¶¶ 69–70.

2. **Exhibit 15 to the Totkov Declaration:** Coinbase, Inc.'s User Agreement, as updated May 15, 2025 (the "2025 User Agreement"), which governed (all but one) Plaintiffs' relationship with Coinbase, Inc. on May 27, 2025, the date when Plaintiffs filed this action, which is referenced in the AC at ¶ 22; *see also id.* at ¶¶ 69–70.

3. **Exhibit 1 to the Luskey Declaration:** Coinbase, Inc.'s "Wrapped LUNA Token price" webpage as it appeared on May 23, 2022 (the "May 23 WLUNA Webpage"), retrieved through the use of the Internet Archive's WayBack Machine.

4. **Exhibit 2 to the Luskey Declaration:** Coinbase, Inc.'s "Wrapped LUNA Classic price" webpage as it appeared on June 2, 2022 (the "June 2 WLUNA Webpage"), retrieved through the use of the Internet Archive's WayBack Machine.

---

[1] As noted in the concurrently filed Motion to Dismiss, there are no well-pleaded facts against Coinbase Global, Inc.; Plaintiffs' claims arise solely from the provision of trading services—all of which were provided by Coinbase, Inc., under the terms of the User Agreement.

## II. LEGAL STANDARDS

The Court may take judicial notice of documents incorporated into a complaint by reference, even if not attached to a plaintiff's complaint. *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Incorporation by reference allows a court deciding a Rule 12(b)(6) motion to dismiss to consider materials "properly submitted as part of the complaint." *Hal Roach Studios, Inc.* v. *Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). A court deciding a Rule 12(b)(6) motion may consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity" of the document. *Marder* v. *Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Courts may also take notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is proper "at any stage of the proceeding." Fed. R. Evid. 201(d). Once the court takes judicial notice of material, it may be considered on a motion to dismiss in testing the sufficiency of plaintiffs' allegations without converting that motion to one for summary judgment. *See Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Johnson* v. *Kinney*, 2022 WL 959825, at *3 (S.D. Cal. Mar. 30, 2022) (stating standard; noting that court "may look to judicially noticeable facts…and need not accept as true allegations that contradict judicially noticed facts" (citation omitted)). Courts regularly take judicial notice of the contents of webpages available through the Internet Archive's Wayback Machine. *See, e.g.*, *Brown* v. *Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of Wayback Machine webpages); *Erickson* v. *Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (Donato, D.J.) (same).

## III. DISCUSSION

### A. The User Agreements Are Incorporated by Reference in the Complaint or Otherwise Judicially Noticeable under Federal Rule of Evidence 201(b)

Defendants request that the Court take judicial notice of the User Agreements that Plaintiffs accepted as a necessary condition of using Coinbase's services under the incorporation by reference

doctrine and/or Federal Rule of Evidence 201(b).

*First*, the User Agreements are incorporated by reference in the Amended Complaint. A document is incorporated by reference when the complaint "refers extensively to the document or the document forms the basis of plaintiff's claim." *Ritchie*, 342 F.3d at 908. This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *McGovney* v. *Aerohive Networks, Inc.*, 2019 WL 8137143, at *7 (N.D. Cal. Aug. 7, 2019) (quoting *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). The Court is not limited to reviewing "only portions of [the] documents" cited in the Amended Complaint. *Khoja*, 899 F.3d at 1002; *see also Azar* v. *Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("[I]ncorporation by reference allows a court to properly consider a document in its entirety if the document is referenced in the complaint." (cleaned up)); *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 919 (N.D. Cal. 2020) ("[U]nder the doctrine of incorporation by reference, it is proper for a court to consider exhibits submitted with the complaint and documents whose contents are alleged in the complaint when their authenticity is not questioned." (citations omitted)).

Here, the Amended Complaint references and relies on the Plaintiffs' User Agreements (Exs. 14 and 15 to the Totkov Declaration) and they form the basis of Plaintiffs' claims. In paragraphs 68 to 70 of the Amended Complaint, Plaintiffs assert a breach of contract claim against Coinbase, Inc. **based on the terms of Plaintiffs' User Agreements**. Specifically, paragraph 69 alleges that "Plaintiffs and Coinbase, Inc. entered into a valid, enforceable contract, **the terms of which are set forth in Coinbase's User Agreement**[.]" (emphasis added). Paragraph 69 purports to paraphrase the terms of the User Agreement and paragraph 70 sets out how Coinbase, Inc. purportedly breached those terms. Because Plaintiffs' claims depend on the terms of the User Agreements, the Court can—and should—refer to them in their entirety for their context and content in evaluating Plaintiffs' claims. *See e.g.*, *Golden State Med. Supply, Inc.* v. *Capmatic Ltd.*, 2016 WL 8856649, at *3 (C.D. Cal. Jan. 7, 2016) ("Where, as here, Plaintiff's claim for breach of contract alleges the existence of a contract, '[t]he defendant may offer such a document, and the

district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss..."'" (quoting *Ritchie*, 342 F.3d at 908)); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (courts consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'" (alteration in original) (citation omitted)); *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) ("[D]efendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim." (citation omitted)).

*Second*, the contents of the User Agreements cannot be reasonably questioned and they are therefore judicially noticeable under Federal Rule of Evidence 201(b).  The User Agreements are filed contemporaneously with this Request as exhibits to the Totkov Declaration filed in support of Defendants' Motion to Dismiss, Motion to Compel Arbitration and Stay Proceedings, and Motion to Transfer Venue.  Totkov Decl., Exs. 14 and 15.  The Totkov Declaration explains that, before Plaintiffs could access Coinbase, Inc.'s platform or services, they had to first create a Coinbase account and affirmatively agree to the Coinbase User Agreement.  Totkov Decl. ¶ 7.  It further explains how each Plaintiff did so, *id.* at ¶¶ 9–22, 35–37, and explains how and when each Plaintiff also consented to the 2025 User Agreement, *id.* at ¶¶ 39–65.

There is no dispute that Plaintiffs agreed to the User Agreements in order to access Coinbase, Inc.'s platform, and that the agreement governed their use of Coinbase, Inc.'s services, including the purchase of WLUNA alleged in the Amended Complaint.  *See, e.g.*, AC ¶ 69 ("Plaintiffs and Coinbase, Inc. entered into a valid, enforceable contract, the terms of which are set forth in Coinbase's User Agreement."); *see also, e.g., id.* at ¶¶ 6 (Plaintiff Lucanera "purchased and held significant amounts of WLUNA through Coinbase's platform"); 8 ("Ms. Yount held WLUNA tokens purchased via Coinbase"); 10 ("Mr. Toal purchased WLUNA through Coinbase").

Moreover, as Coinbase explains in its accompanying Motion to Dismiss, Coinbase's User Agreements with Plaintiffs are essential to evaluate (and defeat) Plaintiffs' claims.  For example, Plaintiffs allege that "Coinbase misrepresented WLUNA as consistently maintaining a 1:1

immutable peg with the Terra LUNA token," *id.* at ¶ 49, but the User Agreement expressly warned Plaintiffs that "underlying software protocols which govern the operation of Digital Assets," such as WLUNA, "may be subject to sudden changes in operating rules…[that] may materially affect the availability, value, functionality, and/or the name of the Digital Assets[.]" Totkov Decl., Ex. 15 at § 2.6.  The User Agreement also contains warnings that Coinbase's services may become degraded or unavailable during times of significant volatility or volume, which is inconsistent with Plaintiffs' allegations that Coinbase acted with intent to defraud. *Id.*  Plaintiffs' claims thus "necessarily depend[]" on the User Agreement and therefore it "may appropriately be considered on a motion to dismiss." *Garcia* v. *Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (finding that Terms of Service and Privacy Policy were judicially noticeable where defendant proffered facts that a user must agree to them before using service); *In re Samsung Elecs. Am., Inc. Blu–Ray Class Action Litig.*, 2008 WL 5451024, at *2 n.2 (D.N.J. Dec. 31, 2008) (taking judicial notice of warranty agreement when "warranty language serves, as a matter [of] law, to either support or erode Plaintiffs' claims"); *Datel Holdings Ltd.* v. *Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (taking judicial notice of a contract where complaint alleged that market power did not derive from contract).

In these circumstances, the User Agreements may be considered in connection with the pending motion to dismiss because they are incorporated by reference in the Amended Complaint or meet the requirements of Federal Rule of Evidence 201(b). *See Pearl* v. *Coinbase, Global, Inc.*, 2024 WL 3416505, at *7 (N.D. Cal. 2024) (taking judicial notice of Coinbase User Agreement because "the existence of the User Agreement is not subject to reasonable dispute"). Indeed, "[c]ourts in the Ninth Circuit routinely take judicial notice of terms of services." *Yuksel* v. *Twitter, Inc.*, 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022).

### B. Luskey Decl. Exhibits 1 and 2 Are Incorporated By Reference In The Amended Complaint or Otherwise Judicially Noticeable as Providing Additional Factual Context to Defendants' Alleged Misrepresentations

Defendants request that the Court take judicial notice of Exhibits 1 and 2 to the Luskey Declaration on the basis that they are either referenced in the Amended Complaint or, if they are

not referenced, because they provide relevant context undermining Plaintiffs' securities fraud claims.

As an initial matter, as explained in Defendants' motion to dismiss, Plaintiffs' claims under Sections 10(b) and 20(a) of the Securities Exchange Act fail at the threshold because Plaintiffs do not identify the "who, what, when, and how" of any specific misrepresentation by Defendants and therefore do not meet the PSLRA's heightened pleading standard. *See* Mem. in Supp. of Mot. to Dismiss (the "MTD Br.") at 8. Because of Plaintiffs' failure to specify the source of any alleged misrepresentations with particularity, Defendants have been put in the unenviable position of ***guessing*** the statements that Plaintiffs ***might*** refer to in the Amended Complaint (even though none of Defendants' statements represent what Plaintiffs' allege, *see* MTD Br. at 8–10).

But, to the extent that Plaintiff ***is*** referring to and relying on statements in Exhibits 1 and 2 to the Luskey Declaration because they contain the alleged misrepresentations, Defendants request that the Court take judicial notice of them so the Court can review them in their entirety in assessing Plaintiffs' claims based on Defendants' purported misrepresentations. *See supra*; *Azar* v. *Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("[I]ncorporation by reference allows a court to properly consider a document in its entirety if the document is referenced in the complaint." (cleaned up)); *Della* v. *Colgate-Palmolive Co.*, 2024 WL 457798, at *16 (N.D. Cal. Feb. 6, 2024) (courts may take judicial notice of website where "plaintiff asserts claims that directly challenge statements on a defendant's website as misleading" "so long as there is no dispute about its authenticity").

Even if Exhibits 1 and 2 to the Luskey Declaration are not referred to in the Amended Complaint, the Court should take judicial notice of them because they provide relevant context that undermines any claim that Defendants misrepresented the WLUNA peg or trading suspension.

"In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd.* v. *Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). Where judicial notice of a webpage "provide[s] additional factual context omitted from Plaintiffs' pleading" but does not create "a separate factual paradigm inconsistent with the facts as pleaded,"

courts will take judicial notice of the webpage. *Hirlinger* v. *WP Company LLC*, 2024 WL 2941630, at *3 (N.D. Cal. June 10, 2024); *Della*, 2024 WL 457798, at *16 (judicially noticing defendant's website). Exhibit 1 shows that, contrary to Plaintiffs' contention, Defendants did not describe WLUNA as "securely pegged 1:1 to Terra's native LUNA token through an immutable smart contract" (*see, e.g.,* AC ¶ 9; *see also* AC ¶ 49), but instead represented on the "Wrapped Luna Token Price" page that WLUNA was "designed to track LUNA's value" and "intended to represent…LUNA." Exhibit 2 shows that, in describing the suspension of WLUNA trading immediately following May 27, 2022 on WLUNA's main page, Defendants never said it was "temporary"—again in contrast to alleged misstatements on that topic in the Amended Complaint. *See, e.g.*, *id.* at ¶ 38.

In these circumstances, Exhibits 1 and 2 to the Luskey Declaration are judicially noticeable.

**IV.   CONCLUSION**

Coinbase respectfully requests that the Court take judicial notice of Exhibits 14 and 15 to the Totkov Declaration and Exhibits 1 and 2 to the Luskey Declaration in considering Defendants' Motion to Dismiss, Motion to Compel Arbitration and Stay Proceedings, and Motion to Transfer Venue.

Dated: September 22, 2025

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Randall S. Luskey*
  Randall Scott Luskey
  Paul D. Brachman (admitted *pro hac vice*)
  Kristina A. Bunting (admitted *pro hac vice*)
  Michael J. Pisem (admitted *pro hac vice*)

  *Attorneys for Defendants Coinbase, Inc., Coinbase Global, Inc. and Brian Armstrong*